**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY DAVIS, | ) | CASE NO. 1:23-CV-00536 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER JR. |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS CITY OF CLEVELAND AND CHIEF CALVILLO'S
MEMORANDUM IN SUPPORT**

Firefighting is a dangerous job. Cleveland is required by state and federal law to protect its firefighters. These protections increased in 2017 when state law incorporated OSHA's clean-shaven requirement. A clean-shaven face creates a tighter seal against the mask facepiece, keeping hazardous smoke out of firefighters' lungs.

Plaintiff Anthony Davis alleges that Defendants City of Cleveland and Chief Calvillo discriminated against him when they enforced this clean-shaven requirement despite his skin condition. Not so. Even with Davis' skin condition, Cleveland was required to comply. Therefore, this Court should grant judgment to Cleveland and Chief Calvillo. The alternative would make firefighters less safe, and require Cleveland to pick and choose between safety regulations.

**I. BACKGROUND**

Cleveland employs firefighters and Davis is a former firefighter that could not shave, which is required by state and federal law.

### A. Cleveland follows PERRP.

Cleveland is an Ohio municipality. (Compl., ¶ 12). As a municipality, it follows the Public Employment Risk Reduction Program ("PERRP"). PERRP "helps ensure that Ohio public employers" provide a workplace "free from hazards that are causing or may cause death or serious physical harm."[1] Public employers and most public employees are required to follow safety rules, many of which incorporate Occupational Safety and Health Administration ("OSHA") regulations.[2]

Anthony Davis was hired by Cleveland as a suppression firefighter about twenty years ago. (Compl., ¶ 56). He is a Black male with a condition known as Pseudofolliculitis Barbae Traumatica, or "razor bumps." (*Id.*, ¶ 20). Razor bumps is a physiological disorder of the skin, and causes pain and discoloration, among other things. (*Id.*, ¶¶ 20–23). This condition mostly impacts Black men, and does not impact white men or women. (*Id.*, ¶ 22). It prevents Davis from shaving. (*Id.*, ¶ 24).

### B. PERRP is amended to include firefighters.

Cleveland had a "clean-shaven" policy. (*Id.*, ¶ 45). Under this policy, firefighters were expected to be free from facial hair between the face and seal of the mask. (*See id.*). This policy aligned with national firefighter standards as well as regulations adopted by the Ohio Bureau of Worker's Compensation.[3] During much of Davis' career, because he could not shave, Davis

---

[1] OHIO BUREAU OF WORKERS' COMPENSATION, *Public Employment Risk Reduction Program*, available at https://info.bwc.ohio.gov/for-employers/safety-and-training/safety-consultations/perrp (last visited July 24, 2023).

[2] *See* R.C. 4167.04; O.A.C. 4167-3-01(B).

[3] O.A.C. 4123:1-21-02(P)(10) ("The employer shall not permit any known interference with the facepiece-to-face seal or with the operation of the exhalation valve on the full facepiece of an 'SCBA' on employees who are exposed to hazardous atmospheres from fires and other emergencies or where the potential for such exposure exists.")

maintained "barely noticeable" facial hair. (*Id.*, ¶ 46). This was approved by Cleveland. (*Id.*, ¶ 47). Davis managed to pass a "fit test" with his facial hair. (*Id.*, ¶ 92).

But the regulatory environment changed. Up until 2017, PERRP excluded firefighters from some of Ohio's (and OSHA's) regulations.[4] Then the statute was amended by House Bill 27 so that "firefighters" were now considered public employees. As a result, OSHA's clean-shaven requirement applied. Not long too afterward, Cleveland prohibited Davis from growing facial hair. (Compl., ¶ 48, ECF No. 1). Chief Calvillo's enforcement of Cleveland's clean-shaven policy thus brought Cleveland into compliance with OSHA. (*Id.*, ¶ 28).

### C. Davis resigns from employment rather than shave.

Davis was expected to shave with a razor to comply with state and federal law. (*Id.*, ¶ 50). He did not. (*See id.*). Davis requested to keep his facial hair between 1 mm and ¼ inch in length. (*Id.*, ¶ 38). Davis was disciplined for failing to shave. (*Id.*, ¶ 73). Because Davis failed to shave, Cleveland could not assign him to fire suppression. (*Id.*, ¶ 52). Davis was then assigned light duty. (*Id.*, *Id.*). As a result, Davis lost overtime opportunities. (*Id.*, ¶ 74). Davis later resigned. (*Id.*, ¶ 57). Davis pursued administrative relief after his resignation. (*Id.*, ¶ 6).

### D. This litigation.

Davis filed the Complaint. (ECF No. 1). The Complaint lists six counts, and seeks relief under the Americans With Disabilities Act, Title VII, § 1983, and state law. (*See id.*). Cleveland and Chief Calvillo answered. (ECF No. 12). This Court partially stayed discovery and set a

---

[4] *See* R.C. 4167.01(B)(1) (amended September 28, 2017) (previously excluding firefighters from definition of "public employee"); *see also* Sub. H.B. 27, 132nd Gen. Assem. (Ohio 2017) (Workers Compensation—Appropriations 2018-2019).

briefing schedule. (ECF No. 16). Cleveland and Chief Calvillo now move for judgment on the pleadings.

## II. STANDARD

As this Court knows, the "standard for evaluating a motion for judgment on the pleadings is identical to the standard a court applies to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Kriwinsky v. Deligianis*, No. 1:22 CV 1599, 2023 WL 4421634, at *2 (N.D. Ohio May 10, 2023) (Oliver, J.) (citation omitted). The court must accept all factual allegations as true, and the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Because Davis failed to state a plausible claim against Cleveland and Chief Calvillo, this Court should grant judgment in their favor.

## III. ANALYSIS

Because Cleveland and Chief Calvillo enforced the grooming policy against all firefighters to comply with state and federal law, this Court should grant judgment to Defendants.

### A. PERRP and OSHA require clean-shaven firefighters (Count II).

Cleveland firefighters must be clean-shaven under state and federal law. A "public employer" means a "municipal corporation" and a "public employee" includes all those who provide services to a public employer, with a few exceptions, such as wildlife officers. *See* R.C. 4167.01(A)–(B). A public employer must furnish to public employees a place of employment free of hazards, including compliance with the Ohio employment risk reduction standards, rules, or orders. *See* R.C. 4167.04(A). These Ohio employment risk reduction standards incorporate regulations adopted by OSHA. *See* R.C. 4167.07. And these regulations are explicitly

4

incorporated again by administrative rule. See O.A.C. 4167-3-01. This includes "Part 1910" of OSHA regulations, including "Subpart C to and including Subpart T . . . ." *Id.* at (B).

Subpart I, which is between C and T, addresses "Personal Protective Equipment" *See* 29 C.F.R. § 1910.134. Under this regulation, a respirator must be provided to each employee when necessary to protect the health of such employee. *Id.* at (a)(2). An employer has an obligation to select the appropriate respirator, and for immediately dangerous to life or health ("IDLH") conditions, this means a self-contained breathing apparatus ("SCBA"). *Id.* at (b) (definitions); *id.* at (d)(2)(i) (requiring selection of SCBA for use in IDLH atmospheres).

The employer must also develop procedures for the proper use of respirators. *Id.* at (g). For IDLH atmospheres or in "interior structural firefighting situations" there are certain requirements. *Id.* An employer "shall not" permit respirators to be worn by an employee with "[f]acial hair that comes between the sealing surface of the facepiece and the face or that interferes with valve function" or "[a]ny condition that interferes with the face-to-facepiece seal or valve function." *Id.* at (g)(1)(i).

But before an employee may be required to wear a respirator, there must be a "fit test." *Id.* at (f). OSHA provided an appendix describing fit test procedures. *See* 29 C.F.R. § 1910.134, App. A. The test "shall not" be conducted if there is "any hair growth" between the skin and facepiece sealing surface, such as "stubble beard growth . . . ." *Id.* at 8.

Because employees cannot have any hair growth for a fit test, including stubble, and facial hair cannot come between the facepiece and the face, OSHA has conveyed that these regulations require the "wearer's face to be clean-shaven" where the respirator seals against it.

5

*See* U.S. Occupational Safety and Health Admin., Opinion Letter (April 1, 2011).[5] This is about firefighter safety: "[E]ven modest facial hair growth" can have a "significant adverse impact" on the effectiveness of the respirator. *Id.*

Here, Cleveland is an Ohio municipal corporation that employs firefighters. As a result, Cleveland and its firefighters are subject to PERRP. PERRP requires compliance with OSHA. OSHA requires clean-shaven firefighters. Therefore, Cleveland must have clean-shaven firefighters to comply with state and federal law.

### B. Because Davis is not "disabled," this Court should grant judgment to Cleveland (Count II).

Because Davis alleges that he is able to perform a broad class of jobs, this Court should grant judgment to Cleveland on his ADA claim. *Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 394 (6th Cir. 2019). To bring a claim under the Americans with Disabilities Act, a plaintiff must allege that he has a "disability." *See* 42 U.S.C.A. § 12102(1). This means a "physical or mental impairment" that "substantially limits" one or more "major life activities" of such individual. *Id.* at (1)(A). "Working" is a major life activity. *Id.* at (2)(A).

A person who can work a broad class of jobs is not substantially limited in the major life activity of working. *See Booth*, 927 F.3d at 394. In *Booth*, for example, the Sixth Circuit explained that an employee cannot claim a disability by simply demonstrating a substantial limitation in "performing the unique aspects of a single specific job." *Id.* (quoting 29 C.F.R. § 1630, App. (2016)). So an inability to work a "material handling" role failed to support that the employee was disabled, especially considering the employee continued to work. *Id.*; *see also Bridges v. City of Bossier*, 92 F.3d 329, 336 (5th Cir. 1996) ("[W]e hold that firefighting jobs—

---

[5] A copy of the opinion letter is available online at https://www.osha.gov/laws-regs/standardinterpretations/2011-04-01 (last accessed July 18, 2023).

including firefighters and associated municipal paramedics or EMTs who must also serve as backup firefighters—is too narrow a field to describe a 'class of jobs' under 29 C.F.R. § 1630.2(j)(3)(i).").

Here, Davis alleges that he can perform a broad class of jobs, so this Court should grant judgment to Cleveland. Davis has a condition that prevents him from shaving his face. (Compl., ¶ 108, ECF No. 1). Yet shaving is a requirement for being a firefighter. O.A.C. 4167-3-01(B); 29 C.F.R. § 1910.134(g), App. A. So Davis' condition prevents him firefighting. But Davis is not precluded from working a broad class of jobs. In fact, Davis has worked for more than twenty years with his skin condition. (*Id.*, ¶ 56). The skin condition is no barrier to working generally. (*See id.*). And Davis would continue working as a firefighter, if he could. (*Id.*, ¶¶ 50–56). Davis is therefore able to work a broad class of jobs, even if he is precluded by state and federal law from firefighting.

Because Davis is able to work non-firefighter jobs, he is not disabled, and this Court should grant judgment to Cleveland on his ADA claim.

### C. Alternatively, because OSHA required Davis to be clean-shaven, this Court should grant judgment to Cleveland on his ADA claim (Count II).

Because Davis' requested accommodation of growing facial hair is contrary to state and federal law, this Court should grant judgment to Cleveland. Under the Americans with Disabilities Act, a public employer cannot discriminate against a qualified individual on the basis of disability. *See* 42 U.S.C. § 12112(a). An employer's failure to grant a reasonable accommodation to a disabled employee falls under the ADA's definition of discrimination. *Tchankpa v. Ascena Retail Grp.*, Inc., 951 F.3d 805, 811 (6th Cir. 2020) (citations omitted). A proposed "reasonable accommodation" must be objectively reasonable. *Lowes v. Baldwin*, No.

20-3078, 2020 WL 7974381, at *2 (6th Cir. Oct. 15, 2020) (citation omitted). A proposed accommodation contrary to law is unreasonable. *See* 29 C.F.R. § 1630.15(e).

Here, this Court should grant judgment to Cleveland because Davis' proposed "barely noticeable" facial hair is contrary to state and federal law. Because Davis cannot shave, he proposed keeping very short facial hair. (*See* Compl., ECF No. 1). He describes it as "barely noticeable" (*id.*, ¶ 46), "closely cropped" (*id.*, ¶ 33), and "between 1mm and ¼ inch long." (*Id.*, ¶ 38). But very short is not clean-shaven. (*See id.*). And Davis was required to be clean-shaven under state and federal law. *See* O.A.C. 4167-3-01(B); 29 C.F.R. § 1910.134(g), App. A. As a result, Davis' proposed accommodation to have facial hair was unreasonable. This Court should therefore grant judgment to Cleveland on Davis' ADA claim.

Granting judgment to Cleveland would align with other courts that addressed ADA claims brought by firefighters seeking to grow facial hair contrary to state and federal law. *Bey v. City of New York*, 999 F.3d 157, 169 (2d Cir. 2021); *Jones v. City of Jacksonville*, No. 20CV01330HESJBT, 2023 WL 3595154, at *5 (M.D. Fla. Jan. 13, 2023). In *Bey*, the Second Circuit reversed a grant of summary judgment to New York firefighters seeking to grow facial hair to accommodate a skin condition. *Id.* The court reviewed the OSHA regulations and concluded that they "prohibit the accommodation that the firefighters seek," concluding, "That ends the matter." *Id.* The same result was reached in *Jones v. City of Jacksonville* on a Rule 12 motion. 2023 WL 3595154, at *5. The court concluded that growing even closely cropped facial hair is "specifically prohibited by a binding regulation" and granted judgment to the city. *Id.* at *6.

Because other courts have found that short facial hair for firefighters is an unreasonable accommodation, this Court should grant judgment to Cleveland.

8

**D. Because OSHA required Davis to be clean-shaven, this Court should grant judgment to Cleveland on his Title VII claim (Counts I, V, VI).**

Because Title VII cannot require Cleveland to depart from binding regulations, this Court should grant judgment to Cleveland. Title VII makes it unlawful for an employer to discriminate on the basis of an employee's race. *Bar v. Kalitta Charters II, LLC*, No. 21-1739, 2022 WL 3042844, at *3 (6th Cir. Aug. 2, 2022) (citations omitted). But a city's compliance with state and federal regulations that require a firefighter to be clean-shaven cannot support a Title VII claim. *Bey*, 999 F.3d at 171; *Jones*, 2023 WL 3595154, at *6; *see also Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1121 (11th Cir. 1993) (denying firefighters' Title VII claims under similar facts). That is because complying with law is a "business necessity." *See id.*

Here, Cleveland required Davis to shave because of binding regulations, so this Court should grant judgment to Cleveland. Davis alleges that he has razor bumps, and that this condition disproportionately affects Black men. (Compl., ¶ 76, ECF No. 1). Cleveland's enforcement of its clean-shaven requirement therefore allegedly had a disparate impact on Black firefighters. (*Id.*, ¶ 79). But state and federal law require Cleveland's firefighters to be clean-shaven. *See* O.A.C. 4167-3-01(B); 29 C.F.R. § 1910.134(g), App. A. The alleged disparate impact, if any, is caused by Cleveland's business necessity of compliance. (*See* Compl., ¶ 79, ECF No. 1). Because compliance with state and federal law caused Davis' alleged discrimination, this Court should grant judgment to Cleveland on his Title VII claims.[6]

---

[6] This Court should also grant judgment to Cleveland because Davis resigned, and therefore did not suffer an adverse employment action required by a Title VII claim or an Equal Protection claim, discussed below. *See Wiler v. Kent State Univ.*, No. 5:20-CV-490, 2021 WL 809350, at *8 (N.D. Ohio Mar. 3, 2021) (Calabrese, J.).

**E. Because state and federal law required Davis to shave, this Court should grant judgment on his Equal Protection claim (Count III).**

This Court should grant judgment to Cleveland and Chief Calvillo because they enforced the clean-shaven policy to comply with state and federal law. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Mitchell v. Ohio State Univ.*, No. 2:19-CV-4162, 2020 WL 5250459, at *10 (S.D. Ohio Sept. 3, 2020) (quoting *LRL Properties v. Portage Metro. Hous. Auth.*, 55 F.3d 1097, 1111 (6th Cir. 1995)). A plaintiff cannot plausibly allege discriminatory intent when a local government requires all firefighters to follow binding regulations. *See, e.g.*, *Hamilton v. City of New York*, 563 F. Supp. 3d 42, 56 (E.D.N.Y. 2021) (granting summary judgment to city on Equal Protection claim because the City needed to follow OSHA beard regulation); *see also Killgore v. City of S. El Monte*, 860 F. App'x 521, 523 (9th Cir. 2021) (city's compliance with laws did not show discriminatory intent).

Because Cleveland complied with state and federal law, this Court should grant judgment on the Equal Protection claim. Davis alleges that the clean-shaven requirement only impacted Black men, so Cleveland's enforcement of this requirement violated the Equal Protection Clause. (Compl., ¶ 139, ECF No. 1). But Cleveland was required by state and federal law to have clean-shaven firefighters. *See* O.A.C. 4167-3-01(B); 29 C.F.R. § 1910.134(g), App. A. Cleveland enforced this policy for all firefighters, regardless of race or alleged disability. (Compl., ¶¶ 136, 140). Because Cleveland was required to enforce this policy, and did so for all firefighters, Davis failed to allege the required discriminatory intent. This Court should therefore grant judgment to Cleveland and Chief Calvillo.[7]

---

[7] In the alternative, it is not "clearly established" that a fire chief enforcing binding state and federal grooming requirements violates the Equal Protection Clause, so this Court should grant judgment to Chief Calvillo for any claims brought against him in his individual capacity. *Newell*

10

### F. Because OSHA required Davis to shave, this Court should grant judgment on the *Monell* claim (Count IV).

Because there is no underlying constitutional violation, this Court should grant judgment to Cleveland on the *Monell* claim. *Weser v. Goodson*, 965 F.3d 507, 519 (6th Cir. 2020). Alternatively, this Court should grant judgment because the Complaint fails to state a plausible *Monell* claim. To successfully plead a *Monell* claim, a plaintiff must allege that the alleged constitutional violation "occurred because of a municipal policy or custom." *Briggs v. Hogan*, No. 21-5581, 2022 WL 985825, at *6 (6th Cir. Apr. 1, 2022) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). There are four pathways under *Monell*:

> (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Id.* (citation omitted).

The custom or policy must be the "moving force" behind the alleged violation. *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 386 (6th Cir. 2018). Vague or conclusory allegations about a municipality's policies or customs cannot state a claim. *See, e.g., Briggs*, 2022 WL 985825, at *6; *Sampson v. Cleveland*, No. 1:20-CV-741, 2020 WL 7238427, at *3 (N.D. Ohio Dec. 9, 2020) (Polster, J.) (collecting cases); *Koren v. Neil*, No. 1:21-CV-9, 2022 WL 974340, at *9 (S.D. Ohio Mar. 31, 2022).

Here, Davis's complaint focuses solely on the clean-shaven policy. (Compl., ¶ 144). Even assuming this policy violated the Equal Protection Clause (which it does not), Davis concedes the other three pathways for *Monell*: action by a decision maker; inadequate training; and existence of a tolerance of federal rights violations. Because Davis has failed to allege plausible

---

*v. Cent. Michigan Univ. Bd. of Trustees*, No. 20-1864, 2021 WL 3929220, at *6 (6th Cir. Sept. 2, 2021) (upholding grant of qualified immunity at Rule 12 stage).

11

allegations supporting these pathways, this Court should grant judgment to Cleveland on Davis' *Monell* claim.

### G. Davis' state-law claims fail.

After granting judgment to Cleveland and Chief Calvillo on all federal claims, this Court should exercise supplemental jurisdiction over the state-law claims. Ohio's anti-discrimination statutes parallel Title VII, so the same outcome is required. *Perry v. Oregon Healthcare, LLC*, No. 3:22 CV 1512, 2023 WL 423249, at *3 (N.D. Ohio Jan. 26, 2023) (Knepp, J.) (citing *Ohio Civ. Rts. Comm'n v. Ingram*, 69 Ohio St.3d 89 (1994)). Thus granting judgment on the federal and state-law claims promotes economy, convenience, and fairness to the litigants.

## CONCLUSION

For all these reasons, this Court should grant judgment to Cleveland and Chief Calvillo.

Respectfully submitted,

MARK GRIFFIN (0064141)
Director of Law

By: *s/ Matthew R. Aumann*
TIFFANY C. FISCHBACH (0083348)
Chief Assistant Director of Law
MATTHEW R. AUMANN (0093612)
Assistant Director of Law
601 Lakeside Avenue E., Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2675
Fax: (216) 664-2663
Email: TFischbach@clevelandohio.gov
MAumann@clevelandohio.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on the 28th day of July, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Matthew R. Aumann*
Matthew R. Aumann (0093612)

*One of the Attorneys for Defendants*

## LOCAL RULE 7.1 CERTIFICATE

I certify that this case is on the standard track, and this memorandum complies with Local Rule 7.1

*s/ Matthew R. Aumann*
Matthew R. Aumann (0093612)

*One of the Attorneys for Defendants*
