IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DAVIS, | ) | CASE NO. 1:23-CV-00536 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER JR. |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS CITY OF CLEVELAND AND CHIEF CALVILLO'S
REPLY MEMORANDUM IN SUPPORT**

Plaintiff Anthony Davis is a firefighter with a skin condition that allows him to trim his beard but not shave with a razor. State and federal law required Davis to be clean-shaven, so Cleveland required him to shave. He quit instead. Davis now claims discrimination. But because Davis is neither disabled nor allowed to grow a short beard, this Court should grant judgment to Cleveland.

**I. BACKGROUND**

Defendant Cleveland is a municipality that employs firefighters. (Compl., ¶ 12, ECF No. 1). Plaintiff Anthony Davis was hired by Cleveland as a suppression firefighter about twenty years ago. (*Id.*, ¶ 56). He is a Black male with razor rumps, which makes it difficult for him to shave. (*Id.*, ¶¶ 20–23).

Cleveland has a "clean-shaven" policy. (*Id.*, ¶ 45). Under this policy, firefighters must be free from facial hair between the face and seal of the mask. (*See id.*). This aligns with firefighting best practices as well as state and federal law. (*See id.*). Davis was thus expected to shave. (*Id.*, ¶

50). He did not. (*See id.*). Instead, Davis requested to keep his facial hair between 1 mm and ¼ inch in length. (*Id.*, ¶ 38). Davis was disciplined for failing to shave. (*Id.*, ¶ 73). He eventually resigned. (*Id.*, ¶ 57).

Davis filed the Complaint, and brings federal and state claims. (*Id.*). Cleveland and Chief Calvillo moved for judgment on the pleadings. (ECF No. 17). Davis opposed. (ECF No. 18). Cleveland and Chief Calvillo now reply.

## II. ANALYSIS

Because Cleveland and Chief Calvillo enforced the grooming policy against all firefighters to comply with state and federal law, this Court should grant judgment to Defendants.

### A. Because Davis was not "disabled," this Court should grant judgment to Cleveland (Count II).

Because Davis is not disabled, this Court should grant judgment to Cleveland on his ADA claim. *Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 394 (6th Cir. 2019). Davis agrees that the ability to work a broad class of jobs may eliminate an ADA claim, and essentially concedes that he can work. (Opp., p. 6, ECF No. 18, PageID # 136). Still, Davis argues that his skin condition alone shows that he has a "physical or mental impairment" that "substantially limits" one or more "major life activities." 42 U.S.C. § 12102(1)(A). Both of Davis' arguments in support fall short.

First, Davis argues that he cannot engage in the major life activity of shaving or grooming. (Opp., p. 5, ECF No. 18, PageD # 135). This is a misdirection. The ADA lists major life activities. 42 U.S.C. § 12102(2)(A). Not on this list is shaving. *See Potts v. United Parcel Serv.*, No. 3:11-CV-2407-L, 2013 WL 4483080, at *11 (N.D. Tex. Aug. 22, 2013) ("The court notes, however, shaving is not a major life activity."). The closest possible term is "caring for

2

oneself," which includes activities like "getting up in the morning, bathing, dressing, and preparing and obtaining food." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1134 (9th Cir. 2001) (citation omitted).

So Davis must be arguing that he is disabled because he is substantially limited in caring for himself. (*See* Opp., ECF No. 18). Yet the Complaint says otherwise. There are no allegations, for example, that Davis cannot get up in the morning, bathe, dress, or feed himself. (*See* Compl., ECF No. 1). There are also no allegations that Davis cannot maintain his appearance, such as styling his hair, brushing his teeth, and trimming his nails. (*Id.*). Davis even alleges that he can trim his beard. (*Id.*, ¶ 38). What Davis cannot do is apply a razor to his face. Because Davis can engage in all care for himself except for using a razor on his face, he is not substantially limited in the major life activity of caring for himself, and thus is not disabled.

Davis urges this Court to reach the opposite conclusion by relying on *Bey v. City of New York*, 437 F. Supp. 3d 222, 232 (E.D.N.Y. 2020). Yet the lower court *Bey* decision was overturned by the Second Circuit. *Bey*, 999 F.3d 157 (2d Cir. 2021). So this Court should disregard it. More importantly, the decision's reasoning is flawed. First, the district court substituted the statutory "care for oneself" for "grooming." This was incorrect. Then, the court ignored that the plaintiff could "groom," including bathe, brush, and trim, and then equated grooming with shaving with a razor. *Id.* This narrowing of "grooming" to "razor shaving" was faulty. This Court should avoid these mistakes by finding that Davis failed to allege that he cannot care for himself, and grant judgment to Cleveland.

Second, Davis argues that he was "regarded as" disabled because he was allowed to grow a beard, and then placed on administrative leave when he refused to shave. (Opp., p. 6, ECF No. 18, PageID # 136). Under the ADA, the term "disability" also includes an individual "regarded

3

as having such an impairment" whether or not such an impairment limits a major life activity. *Equal Emp. Opportunity Comm'n v. W. Meade Place, LLP*, 841 F. App'x 962, 967 (6th Cir. 2021). Determining that an employee may be unable to satisfy a requirement of a singular position cannot show that an employee was regarded as disabled. *Fischer v. Minneapolis Pub. Sch.*, 16 F. Supp. 3d 1012, 1016 (D. Minn. 2014), *aff'd*, 792 F.3d 985 (8th Cir. 2015). Similarly, negligible or temporary restrictions cannot support a "regarded as" disability claim. *Morgan v. Allison Crane & Rigging LLC*, No. 4:21-CV-00533, 2023 WL 2991656, at *7 (M.D. Pa. Apr. 18, 2023).

Here, the Complaint shows that Davis was not "regarded as" disabled because his light duty was temporary. Davis alleges that he was expected to perform the full firefighting duties of his position. (Compl., ¶¶ 43–47). And he did just that. (*Id.*). So he was not regarded as disabled. (*See id.*). This conclusion is supported by Cleveland's treatment of Davis. (*See id.*). Davis was briefly placed on light duty. (*Id.*, ¶ 52). Then Davis was requested to return to full firefighting duties. (*Id.*, ¶¶ 52–54). He ended his employment instead. (*See id.*, ¶ 75). Cleveland's continuous insistence that Davis perform the full duties of firefighting shows that Davis was not regarded as disabled. (*See id.*). Therefore, Davis' second argument falls flat.

Because Davis was neither disabled nor regarded as disabled, this Court should grant judgment to Cleveland.[1]

---

[1] Davis may also make a third argument: His skin condition is a disability as a matter of law. But Davis' primary case, *Bey v. City of New York*, 437 F. Supp. 3d 222, 232 (E.D.N.Y. 2020), was overturned by the Second Circuit. *Bey*, 999 F.3d 157 (2d Cir. 2021). And the Third Circuit also found that PFB is not a disability as a matter of law by upholding a trial court holding the same. *Lewis v. Univ. of Pennsylvania*, 779 F. App'x 920, 925 (3d Cir. 2019). So Davis' cited cases betray him.

### B. PERRP and OSHA required clean-shaven firefighters

Cleveland firefighters must be clean-shaven under state and federal law. As Defendants first explained, those engaged in "interior structural firefighting situations" shall not have "[f]acial hair that comes between the sealing surface of the facepiece and the face or that interferes with valve function" or "[a]ny condition that interferes with the face-to-facepiece seal or valve function." 29 C.F.R. § 1910.134 (g)(1)(i). And OSHA said that this regulation requires the "wearer's face to be clean-shaven" where the respirator seals against it. *See* U.S. Occupational Safety and Health Admin., Opinion Letter (April 1, 2011).[2] Davis makes two counter arguments. (Opp., p. 7, ECF No. 18, PageID # 137). Both were rejected by the Second Circuit, so they should be rejected here too.

First, Davis argues that 2016 OSHA guidance allows the short beard he seeks. (*Id.*). Not so. As the *Bey* panel observed, the 2016 guidance provides examples of acceptable facial hair, including short mustaches and trimmed goatees. *Bey v. City of New York*, 999 F.3d 157, 167 (2d Cir. 2021). It excludes short beards. *Id.* This is because beards come between the face and seal of the mask while mustaches and goatees do not. *Id.* Moreover, the 2016 guidance letter incorporated the 2011 "clean shaven" interpretation letter, and separately notes that "beards present serious problems for tight-fitting facepiece respirators . . . ." (ECF No. 18-1). Given the above, the Second Circuit concluded, "OSHA's guidance clearly indicates" that "firefighters must be clean shaven where a tight-fitting respirator meets the skin." *Bey*, 999 F.3d at 167. So OSHA prohibits beards, even short beards, contrary to Davis' reliance on OSHA's 2016 guidance.

---

[2] A copy of the opinion letter is available online at https://www.osha.gov/laws-regs/standardinterpretations/2011-04-01 (last accessed July 18, 2023).

Second, Davis argues that the clean-shaven requirement should not apply because he used to have a short beard and even passed a fit test. (Opp., p. 8, ECF No. 18, PageID # 138). This argument was also rejected by the Second Circuit as New York City first allowed 20 firefighters to grow beards and then changed course to comply with federal law. *Bey*, 999 F.3d at 162. A municipality's past practice cannot overcome a mandate from the federal government. *See id.*; *Twp. of Bordentown, New Jersey v. FERC*, 903 F.3d 234, 270 (3d Cir. 2018) ("[W]e afford no deference to a state agency's interpretation of federal law . . . ."). So it matters not that Cleveland may have allowed Davis to keep a short beard at one time. Davis' second argument thus falls short.

Because OSHA prohibits short beards like the one requested by Davis, this Court should grant judgment to Defendants.

**C. Alternatively, because OSHA required Davis to be clean-shaven, this Court should grant judgment to Cleveland on his ADA claim (Count II).**

Because Davis' requested accommodation of growing facial hair is contrary to state and federal law, this Court should grant judgment to Cleveland on his ADA claim. *Lowes v. Baldwin*, No. 20-3078, 2020 WL 7974381, at *2 (6th Cir. Oct. 15, 2020) (citation omitted); 29 C.F.R. § 1630.15(e). Davis' only counter is that OSHA does not prohibit growing a short beard. (Opp., p. 9, ECF No. 18, PageID # 138). But as discussed above, this is contrary to the federal regulations, 29 C.F.R. § 1910.134(g), and how courts have interpreted those regulations. *Bey v. City of New York*, 999 F.3d 157, 167 (2d Cir. 2021) ("OSHA's guidance clearly indicates" that "firefighters must be clean shaven where a tight-fitting respirator meets the skin."); *Jones v. City of Jacksonville*, No. 20CV01330HESJBT, 2023 WL 3595154, at *5 (M.D. Fla. Jan. 13, 2023). Therefore, this Court should grant judgment to Cleveland.

6

**D. Because OSHA required Davis to be clean-shaven, this Court should grant judgment to Cleveland on his Title VII claim (Counts I, V, VI).**

Because Title VII cannot require Cleveland to depart from binding regulations, this Court should grant judgment to Cleveland. *Bar v. Kalitta Charters II, LLC*, No. 21-1739, 2022 WL 3042844, at *3 (6th Cir. Aug. 2, 2022); *Bey v. City of New York*, 999 F.3d 157, 167 (2d Cir. 2021); *Jones v. City of Jacksonville*, No. 20CV01330HESJBT, 2023 WL 3595154, at *5 (M.D. Fla. Jan. 13, 2023). Davis' only counter is that OSHA does not prohibit growing a short beard. (Opp., p. 9, ECF No. 18, PageID # 138). Because this is contrary to OSHA's regulatory framework, this Court should grant judgment to Cleveland.

**E. Because state and federal law required Davis to shave, this Court should grant judgment on his Equal Protection claim (Count III).**

This Court should grant judgment to Cleveland and Chief Calvillo because they enforced the clean-shaven policy to comply with state and federal law. *Mitchell v. Ohio State Univ.*, No. 2:19-CV-4162, 2020 WL 5250459, at *10 (S.D. Ohio Sept. 3, 2020); *Hamilton v. City of New York*, 563 F. Supp. 3d 42, 56 (E.D.N.Y. 2021) (granting summary judgment to city on Equal Protection claim because the City needed to follow OSHA beard regulation).

Davis argues that there must have been an Equal Protection violation because the clean-shaven policy "almost exclusively impacts Black/African American males." (Opp., p. 10, ECF No. 18, PageID # 140). Yet as this Court recently explained, "It is not enough to prove a disparate impact." *Pickett v. City of Cleveland*, No. 1:19 CV 2911, 2020 WL 11627247, at *10 (N.D. Ohio Sept. 29, 2020) (Oliver, J.). There must also be an "invidious discriminatory purpose" that accompanies the alleged disparate impact to support an Equal Protection claim. *Id.* (citation omitted).

Here, even assuming Davis has alleged a disparate impact, this Court should grant judgment to Cleveland and Chief Calvillo because there are no allegations of discriminatory

7

purpose. The Complaint alleges that Davis is a Black male and was allowed to grow a short beard. (Compl., ¶ 33, ECF No. 1). Then Cleveland required each firefighter, including Davis, to be clean-shaven. (*Id.*, ¶ 27). The Complaint alleges that the clean-shaven policy, because of the incidence of razor bumps in the Black male population, could reduce the number of Black males able to serve as firefighters. (*Id.*, ¶ 20). But there are no plausible allegations that the clean-shaven policy was adopted to achieve this outcome, or even that this outcome took place. (*See id.*). And the clean-shaven policy is required by state and federal law anyway. *See* O.A.C. 4167-3-01(B); 29 C.F.R. § 1910.134(g). There is therefore no violation of the Equal Protection Clause.[3]

Additionally, even if there were a constitutional violation, there is no clearly established constitutional violation, as Chief Calvillo argued moving for judgment on pleadings. (Mem., p. 10, n.7, ECF No. 17-1, PageID # 126). Davis failed to disagree. (Opp., p. 10, ECF No. 18, PageID # 140). This makes sense considering the novelty and lack of success of this Equal Protection theory. *See, e.g.*, *Bey v. City of New York*, 999 F.3d 157, 167 (2d Cir. 2021). Therefore, this Court should find that, even if Davis alleged a constitutional violation, Chief Calvillo is immune, and grant judgment in his favor.

Because state and federal law prohibits short beards, this Court should grant judgment to Cleveland and Chief Calvillo on Davis' Equal Protection claim.

---

[3] Davis frames the Complaint as alleging race-based discrimination. (Opp., p. 10, ECF No. 18). But what Davis instead brings is a combined race and sex claim. (Compl., ¶ 166). Davis put forward no support for this novel application of "intersectionality" to the Equal Protection Clause. Because there are no allegations of a discriminatory purpose, this Court need not wade into these unchartered waters either. *See* Kufere Laing, Note, *Interpreting the People's Constitution: Pauli Murray's Intersectionality As A Method of Constitutional Interpretation*, 65 HOW. L.J. 533, 565 (2022) ("[A] constitutional intersectional race-sex claim is defunct because the different tiers of scrutiny make it virtually impossible to analyze the claim under a coherent framework.").

**F. Because OSHA required Davis to shave, this Court should grant judgment on the *Monell* claim (Count IV).**

Because there is no underlying constitutional violation, this Court should grant judgment to Cleveland on the *Monell* claim. *Weser v. Goodson*, 965 F.3d 507, 519 (6th Cir. 2020). Alternatively, this Court should grant judgment because the Complaint fails to state a plausible *Monell* claim for these theories: (1) that an official with final decision-making authority ratified illegal actions; (2) the existence of a policy of inadequate training or supervision; and (3) the existence of a custom of tolerance or acquiescence of federal rights violations. Cleveland moved for judgment on three of the four possible *Monell* pathways. (Mem., p. 11, ECF No. 17-1, PageID # 127).

Davis makes two counter arguments. Both miss. First, Davis argues that alleging one *Monell* pathway leaves the door open for all *Monell* pathways. (Opp., p. 11, ECF No. 18, PageID # 141). Not so. Each theory of *Monell* must be pleaded separately. *See, e.g.*, *Scarlet Honolulu, Inc. v. Honolulu Liquor Comm'n*, No. 21-CV-00457-DKW-KJM, 2023 WL 4968011, at *9 (D. Haw. Aug. 3, 2023) (analyzing separately each *Monell* theory, and finding not all could proceed); *Perryman v. City of Pittsburg*, 545 F. Supp. 3d 796, 803 (N.D. Cal. 2021) (same). Davis was thus required to plead each *Monell* theory to survive a motion for judgment on the pleadings.

Second, in the alternative, Davis argues that these three *Monell* pathways were adequately alleged. (Opp., p. 12, ECF No. 18, PageID # 142). Not true. Davis can only point to three paragraphs in the Complaint in support, and all three are recitations of the legal standard. Davis' ratification allegation, for example, lacks facts: "Defendant City and the CFD, by their policy – [sic] through its agents, servants and employees, authorized, sanctioned and/or ratified the individual wrongful acts of Defendants and/or failed to prevent or stop those acts; and/or

9

allowed or encouraged those acts to continue." (Compl., ¶ 144). Davis' lack of individuals and "wrongful acts" combined with the unhelpful conjunction "and/or" fails the *Twombly* pleading standard. The other *Monell* pathways are pleaded no better. (Compl., ¶¶ 145–47, ECF No. 1).

For these reasons, this Court should grant judgment to Cleveland on three *Monell* pathways: ratification, inadequate training, and tolerance of violations.

**G. Davis' state-law claims fail.**

Cleveland and Chief Calvillo argued that this Court, in addressing the federal claims, should also resolve the state-law claims in their favor to promote economy, convenience, and fairness to the litigants. (Mem., p. 12, ECF No. 17-1, PageID # 128). Davis takes no position on this issue, and thus agrees. (*See* Opp., ECF No. 18). Therefore, this Court should also grant judgment on the state-law claim to Defendants.

**H. Davis' remaining arguments cannot carry the day.**

Davis makes two more arguments in opposing Defendants' motion for judgment on the pleadings. Neither stave off judgment.

**1. This Court should grant judmgent to Cleveland on Davis' failure to transfer argument.**

Cleveland moved for judgment on Davis' entire ADA claim. (*See* Mem., ECF No. 17-1). Davis argues that, regardless of state and federal law requirements that prohibit beards for firefighting, he should have received an "accommodation by assigning [Davis] to a position that do[es] not require the use of a SCBA." (Opp., p. 9, ECF No. 18, PageID # 139). In support, Davis argues that he performed administrative duties rather than firefight. (*Id.*). While Cleveland agrees that a transfer may be a reasonable accommodation sometimes, that is not the case here, so this Court should grant judgment to Cleveland. *Baskerville v. Pleasant Lake Villa*, No. 1:14

10

CV 00025, 2015 WL 4112504, at *5 (N.D. Ohio July 7, 2015) (Wells, J.) (citing *Rorrer v. City of Stow*, 743 F.3d 1025, 1040 (6th Cir.2014)).

First, as discussed above, Davis failed to allege that he is disabled, so Cleveland had no duty provide the accommodation of a transfer. A failure to accommodate claim requires first alleging that the employee was disabled as defined by the ADA. *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982 (6th Cir. 2011). That is not the case here. As explained above, Davis is only limited by shaving with a razor, and "shaving is not a major life activity." *Potts v. United Parcel Serv.*, No. 3:11-CV-2407-L, 2013 WL 4483080, at *11 (N.D. Tex. Aug. 22, 2013). So Davis cannot be disabled under the ADA.

Second, even if Davis did allege a disability (which he did not), Davis failed to allege that he was qualified for a specific vacant position. Under the ADA, a "reasonable accommodation" may include "reassignment to a vacant position." 42 U.S.C. § 12111(9)(B). Reassignment is an "accommodation of last resort." *Hirlston v. Costco Wholesale Corp.*, No. 22-2067, 2023 WL 5659691, at *6 (7th Cir. Sept. 1, 2023). So an employee must allege that he was qualified for a vacant position or that he requested help seeking a reassignment and did not receive the help. *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 419 (6th Cir. 2020). A failure to plead a specific acceptable vacant position dooms an employee's complaint. *See, e.g.*, *Platt v. Chicago Transit Auth.*, No. 18 C 07219, 2019 WL 5393995, at *5 (N.D. Ill. Oct. 22, 2019) ("Platt has failed to plead any facts indicating that specific vacant positions were available, and that he was qualified for those specific vacant positions."); *see also Sinyan v. Swedish Hosp. Med. Ctr.*, 482 F. App'x 209, 210 (9th Cir. 2012) (finding same).

Here, Davis failed to allege a specific vacant position, so this Court should grant judgment to Cleveland. Davis identifies no vacant positions in the Complaint. (*See* Compl., ECF

11

No. 1). Conceding this shortcoming, Davis argues that it is "public record" that "CFD has several divisions" that he could have been assigned. (Opp., p. 9, ECF No. 18). But this is not a specific position, and Davis provides no public records in support anyway. Davis also points to the temporary administrative duties he performed. (*Id.*). This was a "light duty" assignment while his request for a short beard was considered, not a new or vacant position. (Compl., ¶ 117, ECF No. 1). Davis also concedes that he was not qualified to do these administrative duties full-time: the "administrative duties . . . are vastly different from [his] duties as an active-duty firefighter." (*Id.*, ¶ 117). So even if Davis is disabled, then his claim fails because he failed to allege that he is qualified for a specific vacant position.

Because Davis is not disabled, and he failed to allege that he was qualified for a specific vacant position, this Court should grant judgment to Cleveland.

**2. This Court should deny Davis' request for leave to amend the Complaint.**

Davis also argues that this Court should grant him leave to amend under Rule 15. (Opp., p. 13, ECF No. 18, PageID # 142). There are two problems. First, a plaintiff should move for leave to amend and then attach the proposed amended complaint. *See Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Davis instead asked for a blank check. Second, the deadline to amend the pleadings passed. Davis must now show "good cause" to amend. *Byrd v. Charter Commc'ns, Inc*, No. 1:18 CV 415, 2019 WL 13195202, at *2 (N.D. Ohio June 7, 2019) (Oliver, J.) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002)). Davis failed to satisfy the good cause standard here.

Therefore, this Court should deny Davis' request for leave to amend the Complaint.

## CONCLUSION

For all these reasons, this Court should grant judgment to Cleveland and Chief Calvillo.

        Respectfully submitted,

        MARK GRIFFIN (0064141)
        Director of Law

By:   *s/ Matthew R. Aumann*
      TIFFANY C. FISCHBACH (0083348)
      Chief Assistant Director of Law
      MATTHEW R. AUMANN (0093612)
      Assistant Director of Law
      601 Lakeside Avenue E., Room 106
      Cleveland, Ohio 44114-1077
      Tel: (216) 664-2675
      Fax: (216) 664-2663
      Email: TFischbach@clevelandohio.gov
              MAumann@clevelandohio.gov

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on the 11th day of September, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        *s/ Matthew R. Aumann*
        Matthew R. Aumann (0093612)

        *One of the Attorneys for Defendants*

## LOCAL RULE 7.1 CERTIFICATE

I certify that this case is on the standard track, and this memorandum complies with Local Rule 7.1

        *s/ Matthew R. Aumann*
        Matthew R. Aumann (0093612)

        *One of the Attorneys for Defendants*